# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**CATHERINE F. VELARDO,**
**NELSON J. VELARDO,**
                **Plaintiffs,**

**-vs-**                                                  **Case No. 6:08-cv-1558-Orl-18DAB**

**DAVID J. STERN,**
**US BANK NA,**
                **Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)**
>
> **FILED:**      **September 9, 2008**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** and the Complaint be **dismissed.**

> **MOTION:**    **MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (Doc. No. 3)**
>
> **FILED:**      **September 9, 2008**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** and the Complaint be **dismissed**.

Upon a party's submission of an affidavit of indigency, any court of the United States may authorize the party to proceed *in forma pauperis*. 28 U.S.C. § 1915(a). However, the Court may dismiss the case or refuse to permit it to continue without payment of fees if the Court determines that the action is "frivolous or malicious." 28 U.S.C. § 1915(e)(2). A cause of action should not be considered frivolous unless "without arguable merit." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991), *cert. denied*, 503 U.S. 921 (1992) (quoting *Harris v. Menendez*, 817 F.2d 737, 739 (11th Cir. 1987)). To determine if a plaintiff should be permitted to proceed *in forma pauperis*, a district court must determine "whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Id.* (quoting *Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976)). A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus,* 127 S.Ct. 2197, 2200 (2007).

Here, *pro se* Plaintiffs have filed what they are calling an "Independent Action for Relief From Judgment to Remedy Fraud Upon the Court" (Doc. No. 1). In the Complaint, Plaintiffs seek review of the decisions of the state trial and appellate court, to the extent they pertain to a foreclosure action prosecuted against Plaintiffs in state court. According to the Complaint and Exhibits, a Final Judgment in Foreclosure was issued by a state court of competent jurisdiction, and Plaintiffs appealed same to the state appellate court. Plaintiffs also filed an earlier federal district court case relating to the same foreclosure matter, which was dismissed by Judge Presnell. *See* Case No. 6:07-cv-1253-31GJK. Having failed at the state level and in a prior suit in federal district court, Plaintiffs now have recast their arguments as "fraud" in this new suit, and seek a judgment that Defendants perpetrated a fraud upon the state courts, and an order setting aside the state final summary judgment in

foreclosure and for attorney's fees and costs (Doc. No. 1 at 27). As this Complaint fails to state a cognizable cause of action, it is **recommended** that the motions be **denied** and the Complaint be **dismissed, as untenable.**

It is well established that federal courts do not sit in review of state court decisions on matters of state law. *See Sitton v. United States,* 413 F.2d 1386, 1389 (5th Cir.1969), *cert. denied,* 397 U.S. 988, 90 S.Ct. 1118, 25 L.Ed.2d 395 (1970) ("federal courts have no authority to act as an appellate arm of the state courts"); *Resolute Insurance Co. v. North Carolina,* 397 F.2d 586, 589 (4th Cir.), *cert. denied,* 393 U.S. 978, 89 S.Ct. 446, 21 L.Ed.2d 439 (1968) (federal district courts do not act in essentially appellate capacity to review a state court decision alleged to be erroneous); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S. Ct. 149, 68L.Ed. 362 (1923). As Judge Presnell noted in finding that the federal court cannot overturn this foreclosure judgment:

> "In *Harper v. Chase Manhattan Bank*, 138 Fed. Appx. 130 (11th Cir. April 25, 2005), a case with facts similar to this one, the Eleventh Circuit held that:
>
>> the district court did not err in dismissing the case under the *Rooker-Feldman* doctrine. Harper's claims under the TILA, FDCPA, and ECOA were inextricably intertwined with the foreclosure proceeding in state court, as is shown by her request for an injunction to restrain Chase from enforcing the foreclosure. *Goodman,* 259 F.3d at 1332. Moreover, Harper could have raised her federal claims in state court and, in fact, she indicates she raised similar claims in opposition to the motion for summary judgment for foreclosure. Consequently, Harper had a reasonable opportunity to raise her claims of bad faith and harassment in the foreclosure action in state court. *Goodman*, 259 F.3d at 1332. The district court did not err in finding Harper's complaint barred by the *Rooker-Feldman* doctrine, because her federal claims are inextricably intertwined with the state court's judgment and she had a reasonable opportunity to raise the claims there. *Id.*
>
> *Id*. at 133."

*Velardo v. Fremont Inv. & Loan,* 2008 WL 958184 (M.D. Fla. April 8, 2008) (slip opinion); Case No. 6:07cv1253-31GJK; Doc. No. 68.

Put simply, the state court judgment, which has since been affirmed by the state appellate court is final, and this court must give it full faith and credit. This Court has no jurisdiction to entertain a collateral attack on the state court judgment. As such, it is **respectfully recommended** that the motions be **denied,** and the case be **dismissed.**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 15, 2008.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy